

FILED

FEB 0 7 2012

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| DANNY SARTAIN, | ) | CV 11–71–H–DWM–RKS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| ROSS SWANSON, COLLEEN AMBROSE, STEVE REDFERN, TOM WOODS, and DENISE DEYOTT, | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Danny Sartain, proceeding pro se, filed a motion to proceed in forma pauperis and a proposed complaint. Mr. Sartain alleges that the defendants do not allow him to check out hardback books from the prison law library, which he claims denies him access to the courts. Magistrate Judge Strong recommended dismissing the complaint without leave to amend. Having reviewed Mr. Sartain's objections, the Court dismisses his complaint but grants him leave to amend.

1

## BACKGROUND

This matter was referred to Judge Strong under 28 U.S.C. § 636(b). Judge Strong granted Mr. Sartain's motion to proceed in forma pauperis and issued his Findings and Recommendation on January 13, 2012.

Since Mr. Sartain is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. §§ 1915, 1915A. Those two sections allow a court to dismiss a complaint, or any portion thereof, before it is served on a defendant if it is "frivolous," "fails to state a claim for which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id.

Judge Strong recommended dismissing Mr. Sartain's complaint for failure to state a claim for which relief may be granted. In particular, Judge Strong concluded that Mr. Sartain's right to have access to the courts does not include an unfettered right to check out law-related library books. Instead, as Judge Strong observed, "[An] inmate . . . must . . . demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." 7 (dkt # 4) (quoting Lewis v. Casey, 518 U.S. 343, 351 (1996)). Judge Strong concluded that Mr. Sartain has not pleaded facts that support such a claim.

Mr. Sartain timely objected to Judge Strong's Findings and Recommendation. He is therefore entitled to de novo review of the specified

findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The Court reviews portions of the Findings and Recommendation not specifically objected to for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Since the parties are familiar with the facts of this case, they are restated here only as necessary to explain the Court's decision.

## DISCUSSION

Mr. Sartain does not object to Judge Strong's recommendation that his complaint should be dismissed (and the Court finds no clear error in that recommendation). Instead, he objects to the recommendation that he should not be permitted to amend his complaint. Having reviewed Mr. Sartain's objections, the Court grants Mr. Sartain leave to amend his complaint.

District courts have discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Id. This liberal rule governing amendment of pleadings "is particularly important for the pro se litigant." Id. at 1131 (citations and internal quotation marks omitted).

The question here, then, is whether Mr. Sartain can possibly allege other facts that will "plausib[ly]" show that the defendants denied him access to the courts. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) ("[O]nly a complaint that states a plausible claim for relief survives . . . .").

"Prisoners have a constitutional right of access to the courts." Silva v. Di Vittorio, 658 F.3d 109, 1101 (9th Cir. 2011) (citing Bounds v. Smith, 430 U.S. 817, 821 (1977)). Indeed, "In some instances, prison authorities must even take affirmative steps to help prisoners exercise their rights." Id. at 1102 (citation and internal quotation marks omitted). The Ninth Circuit has identified two types of access-to-court claims: "those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference." Silva, 658 F.3d at 1102.

The Supreme Court has held that, with respect to a prisoner's right to assistance, "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. This right is limited, though, to the pleading stage. Silva, 658 F.3d at 1102.

With respect to prisoner's right to be free from interference, the Supreme

4

Court has "held that the First Amendment right to petition the government includes the right to file other civil actions in court that have a reasonable basis in law or fact." Id. at 1102 (citing, among other cases, McDonald v. Smith, 472 U.S. 479, 484 (1985)). This right forbids the state from "erect[ing] barriers that impede the right of access of incarcerated persons." Id. at 1102–03 (citations and internal quotation marks omitted).

In either case, the prisoner must show that he suffered "actual injury" from a "specific instance" where he was denied access. Lewis, 518 U.S at 349; Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).

Mr. Sartain claims in his objections that the defendants are denying him meaningful access to the courts because they refuse to allow him to check out hardback books from the law library. Mr. Sartain explains that his prison work, the short library hours, and the number of people using the library prevent him from being able to use the books. He writes, "Having access to legal books is one thing, but not being given the opportunity to use them is another."

At a minimum, Mr. Sartain has shown that he could possibly allege other facts that could plausibly state a claim for relief. Whether he succeeds on his claim is a separate question. But, given the liberal rules for amending pleadings—particularly when applied to pro se parties—the Court grants Mr.

Sartain leave to amend his complaint.

Since Mr. Sartain will have an opportunity to amend his complaint, this case is not yet final and the dismissal does not count as a "strike" for purposes of 28 U.S.C. § 1915(g). See Silva, 658 F.3d at 1098–99.

The Court finds no clear error in the other portions of Judge Strong's Findings and Recommendations to which Mr. Sartain does not object.

IT IS HEREBY ORDERED that Danny Sartain's complaint (dkt # 2) is DISMISSED without prejudice.

IT IS FURTHER ORDERED that Danny Sartain is GRANTED leave to amend his complaint. He shall file his amended complaint by March 19, 2012. Should Mr. Sartain fail to do so, this case will be closed.

IT IS FURTHER ORDERED that this dismissal shall not count as a "strike" for purposes of 28 U.S.C. § 1915(g). If, however, Mr. Sartain does not file an amended complaint by March 19, 2012, this case will be closed and the Clerk of Court shall enter a strike against Mr. Sartain.

IT IS FURTHER ORDERED that Mr. Sartain's amended complaint shall be referred to Magistrate Judge Strong for further review.

IT IS FURTHER ORDERED that the Clerk of Court shall provide Mr. Sartain with a form for filing an amended complaint.

6

Dated this 7th day of February 2012.

_____
Donald W. Molloy, District Judge
United States District Court